Jos. B. Marks, Adm'r, v. Henry C. Borum.

## JOSEPH B. MARKS, Adm'r, v. HENRY C. BORUM.

1. PLEADING. *Killing in protection of property. Not justifiable. When.* It is error to overrule a demurrer to a plea that assumes it is lawful for the owner of personalty to protect his property from larceny, by shooting and killing the thief while in the act of attempting to commit the theft, without alledging that any effort was made to arrest the thief or that he could not have been arrested, or that the property could not be protected from larceny by other means, the mere attempt to commit a larceny not being a felony under Sec. 4,630 of the Code.

   Cases cited: 2 Bish. Crim. L., 6; East 1, Pleas of Cr., 271, 481, 489; Blackstone; Jones v. The State, M. S., Nashville, 1871; Code, § 4,630.

2. CONTRIBUTING WRONG OF DECEASED. *Does not excuse the killing. When.* Since the deceased is not shown to have been in the actual perpetration of a felony when he was shot, but was simply guilty of a mere trespass or misdemeanor, the killing was by design and unjustifiable, and not excused upon the ground of contributing wrong.

Jos. B. Marks, Adm'r, *v.* Henry C. Borum.

Cases cited: Sedg. on Dam., 544; Sanford *v.* Eighth Av. R. R. Co., 23 N. Y. Rpts., 343.

3. STATUTE OF LIMITATIONS. So long as the Courts were closed by the war, the Statutes of Limitations ceased to run.

FROM WILSON.

Appeal from the Circuit Court.   W. H. WILLIAMSON, Judge.

STOKES & SON and FARRER & GOLLADAY for Borum.

FORD, CANTRELL and SANDERS for Marks.

NICHOLSON, Ch. J., delivered the opinion of the Court.

This suit was commenced in the Circuit Court of Wilson County, on the 9th day of April, 1866, by Josseph B. Marks, as administrator of Solomon Swan, against Henry C. Borum, to recover the sum of ten thousand dollars as damages for the use of the wife and children of Solomon Swan, on account of the shooting of said Swan by said Borum, from which shooting the said Swan died.

To the declaration, defendant filed several pleas: first, not guilty; second, that the deceased Solomon Swan, on the ―― day of ――, 186―, came in the night-time on the premises of the defendant, with the intent and for the purpose of stealing the poultry, to-wit: turkeys, chickens, etc., of the defendant; that said Solomon Swan did then and there attempt felo-

Jos. B. Marks, Adm'r, *v.* Henry C. Borum.

niously to take and steal the said poultry of the defendant, and that whilst the said Solomon Swan was so engaged, and before he had completed the said offence of larceny, the defendant did shoot him, the said Swan, as he might lawfully do, to protect the property of him, the said defendant, and to prevent him, the said Solomon Swan, from committing the crime of petit larceny; third, that the deceased Solomon Swan, on the —— day of ——, 186—, (it being the Sabbath) came in the night-time, at an unusual hour and after the defendant had retired to rest, to the roost, situated near the dwelling-house of the defendant, and where the chickens and turkeys of the defendant were roosting, and then and there did such acts, and conduct himself in such manner as reasonably to induce the belief, and as did induce the belief on the part of the defendant, that his, the said Soloman Swan's, purpose and intent was feloniously to take, steal and carry away the chickens, turkeys, etc., of the defendant, and that the defendant did, whilst laboring under said belief, induced, as aforesaid, by the apparently wrongful acts and misconduct of said Solomon Swan, and before he, the said Solomon Swan, had abandoned or consummated his said apparent purpose and intent to commit a felony, inflict the gunshot wound complained of, as he, the said defendant, might lawfully do, etc.; fourth, that the shooting was done in defending his person from a felonious assault, etc.; fifth, that while said Solomon Swan was attempting to steal the poultry, he approached the defendant

under such circumstances and with such indications as induced defendant reasonably to believe that said Swan then and there intended to inflict upon defendant death, or great bodily harm, and that laboring under that belief and under great fear and alarm for the safety and security of his person and property, did inflict the gun-shot wound complained of, as he might lawfully do in defence of himself, etc.

There was issue on the first plea, and replications and issues on the fourth and fifth pleas. To the second and third pleas plaintiff demurred, and upon argument the demurrer was overruled and the plaintiff allowed to reply.

The pleading already noticed took place at the January Term, 1867. At the September Term, 1871, defendant obtained leave to file an additional plea, to-wit: the statute of limitations of one year, stating that he was not guilty of the alleged trespasses and injuries within one year next before the beginning of the action.

Plaintiff replies that the trespass was committed on the —— day of February, 1863, and that on account of the pending of the war the civil law and the Courts were suspended, etc., for more than twelve months after the trespass and killing, and that in less than twelve months after the Courts were opened, and on the ——. day of April, 1866, he commenced his action, etc. And for further replication plaintiff says that he commenced his action within twelve months after the appointment of an administrator, etc.

Jos. B. Marks, Adm'r, *v.* Henry C. Borum.

Defendant demurred to the two replications of plaintiff to the plea of defendant, and upon argument the demurrer was sustained by the Court, and plaintiff allowed to file a sufficient replication to the plea of the statute of limitations, but upon his failing to do so, judgment by default was taken and plaintiff was non-suited. From this judgment plaintiff has appealed.

1st. It is insisted for plaintiff that the Circuit Judge erred in overruling the demurrer to defendant's second and third pleas. The first of these pleas assumes that it is lawful for the owner of poultry to protect his property from the larceny of the thief, while in the act of attempting to commit the theft, by shooting and killing the thief. The plea does not allege that any effort was made to arrest the thief, or that he could not have been arrested, or that the poultry could not be protected from larceny by other means, but it rests upon the simple ground that under the circumstances stated in the plea it was lawful for the defendant to take the life of the thief by way of protecting defendant's property.

The first authority relied on by defendant to sustain this position is that of 2 Bishop, 6 Crim. L., which says, "that the rule is finally fixed in the laws of England and the United States, that one may oppose another attempting the perpetration of any felony, to the extinguishment, if need be, of the felon's existence." This manifestly contemplates the perpetration of a felony by force, which may be opposed by

force for its prevention, and, if the necessity exists, the force may be carried to the extent of extinguishing life.

The next authority is that of Mr. East, 1 Pleas, Crown, 271, who says: "A man may repel force by force in defence of his person, habitation or property, against one who manifestly intends or endeavors, by violence or surprise, to commit a known felony—such as murder, rape, robbery, arson, burglary and the like —upon either. In these cases he is not obliged to retreat, but may pursue his adversary until he has secured himself from all danger; and if he kill him in so doing, it is justifiable in self-defence." It is obvious that the justification is here placed upon the ground of resisting force with force, and not upon the simple right to protect one's property from an attempted larceny, when there is no force and no personal danger, and no necessity for taking life.

The next authority is Mr. Hale, who says: "In case of felony attempted, as well as a felony committed, every man is therefore an officer, that at least in killing the attemptee in case of necessity, puts him in the condition of *se defendendo* in defending his neighbor. If a man come to take my goods as a trespasser, I may justify the beating him in defence of my goods, but if I kill him it is manslaughter. But if a man come to rob me or take my goods as a felon, and in resisting I kill him, it is *se defendendo*, at least, and in some cases not so much." Pleas, Crown, 481–489. Certainly there is no justi-

fication in the rule here laid down for the position that a man may shoot the thief engaged in attempting to steal his property, when no attempt is made to prevent it by arrest, when no force is being used by the thief, when no resistance of force by force is required, and when it is not alleged that any necessity existed for taking life, either to protect defendant's property or his person.

Without calling in question any of the authorities cited for defendant, we are satisfied with the rule as laid down by Blackstone, who says: "Such homicide as is committed for the *prevention* of any forcible or atrocious crime, is justifiable by the law of nature; and also by the law of England as it stood so early as the time of Bracton, and as it is since declared in statute 24 Hen., 8, c. 5. If any person attempts a robbery or murder of another, or attempts to break open a house in the night-time (which extends also to the attempt to burn it) and shall be killed in such attempt, the slayor shall be acquitted and discharged. This reaches not to any crime unaccompanied with force, as picking pockets, or to the breaking open of any house in the day time, unless it carries with it an attempt of robbery also."

We think it clear that the facts stated in the second and third pleas fail to bring either of them within the rule recognized in the authorities as to the justification for killing to protect property. The attempt to commit a larceny, which is the offence described in the plea, is not a felony under § 4,630 of

the Code. *Jones* v. *The State*, MS., decided at December Term, 1871, at Nashville, but not reported.

But, it is argued, that if the pleas are not good, as furnishing a bar to the action, upon the ground that defendant could lawfully take the life of the deceased, in order to protect his property from the larceny, or to prevent the commission of the crime of larceny by the deceased, yet that they may be sustained because the facts stated therein show that if defendant was guilty of a wrong in shooting the deceased, the wrongful conduct of the deceased contributed to produce the shooting. It is observed that the pleas are drawn upon the assumption that the defendant was guilty of no wrong, but shot the deceased lawfully and justifiably; and because the killing was lawful he relies upon the fact as a bar to the suit.

We are aware of no rule of pleading upon which we can hold it a good plea in bar, upon a ground different from that stated in the plea. But if we could waive this objection, we do not understand that the facts stated in the pleas, or either of them, present a case of contributing negligence or wrong which would defeat the action of the plaintiff. The statement in the pleas is, that the deceased was engaged in stealing defendant's poultry, or was manifesting by his conduct that he was about to steal it, and, as stated in the second plea, to protect his property and to prevent the commission of the larceny, he killed the deceased, or, as stated in the third, "being induced to believe the deceased was about to steal,

defendant killed him." It does not follow that the illegal conduct of the deceased contributed to the injury which resulted from the illegal killing of the defendant. The killing was the voluntary act of the defendant, resulting, no doubt, from the feelings of resentment and revenge produced by the illegal conduct of the deceased, but as the killing was wholly unjustifiable, upon the facts stated in the plea, the fact that the defendant was provoked to shoot by the illegal conduct of the deceased cannot be a bar to plaintiff's action. It may be looked to by the jury assessing the damages. It is held in New York that the plaintiff's negligence does not excuse injuries inflicted by design. A wrong-doer is not necessarily an out-law, but may justly complain of wanton and malicious michief. Sedgw. on Damages, 544 and note. In the case of *Sanford* v. *Eighth Avenue R. R. Co.*, 23 N. Y., 343, it was held, "If the wrong done be wholly unjustifiable, as in ejecting a passenger from the front of a railroad car while the car was in motion, at the danger of his life, because of his refusal to pay his fare, then the conduct of the party injured contributing to the injury, as in provoking the assault by non-payment of his fare and in resisting the attempt, is not to be considered in reducing the claim for damages occasioned by his death." In the present case the deceased is not shown, by the statements in either plea, to have been in the actual perpetration of a felony when he was shot, but in one

plea, that he attempted feloniously to steal the poultry; but it is not stated that deceased assaulted defendant with intent to commit, or otherwise to attempt to commit the larceny. Upon the statement, therefore, in the second plea, the deceased was guilty of no more than a trespass or misdemeanor at the time he was shot. There can be no doubt that the statement of facts in the third plea fails to charge the deceased with being guilty of a felony when he was shot; he is stated to have been at the roost at an unusual hour in the night-time, and from these facts and his conduct, defendant believed he was there with a felonious intent, and under that belief killed him. Upon these facts the killing was by design and unjustifiable, and not excused upon the ground of contributing wrong on the part of the deceased. We are therefore of opinion that the second and third pleas of defendant were no sufficient bars to plaintiff's action upon either of the grounds on which it is sought to maintain them, and that the Court erred in overruling the demurrer of plaintiff to the pleas.

The next error assigned by plaintiff's counsel is, that the Court sustained defendant's demurrer to plaintiff's replication to the plea of the statute of limitations of one year. This question was settled in the case of *Harrison* v. *Henderson,* decided by this Court at the December Term, 1871, and has been ever since followed. It was held in that case that so long as the Courts were closed by the war, the statute of

limitations ceased to run. It follows that the Court erred in sustaining the demurrer of defendant to plaintiff's replication.

For the reasons stated the judgment is reversed and the case remanded to be proceeded with.